BRIGGS, Respondent, *vs.* BLOCK, GARNISHEE OF ROBBINS, Appellant.

1. It is not necessary that the name of every person summoned as garnishee in an attachment suit should be inserted in the writ.
2. The Supreme Court will not interfere with the discretion exercised by inferior courts in the matter of permitting allegations and interrogatories to garnishees to be filed after the regular time has elapsed, but before the end of the term.
3. The denial of the answer of a garnishee need not be sworn to.
4. A. shipped a quantity of gold dust to B., with directions to sell it, and pay the proceeds to C., a creditor of A. It did not appear that C. had assented to this arrangement, or that he was advised of it. Before B. paid the money to C. he was summoned as garnishee in an attachment suit against A. *Held,* the money still remained the property of A. and was subject to the attachment.

*Appeal from St. Louis Court of Common Pleas.*

Briggs sued George C. Robbins by attachment, and Emanuel Block was summoned as garnishee. The name of Block was not inserted in the writ to the sheriff, as a party to be summoned as garnishee. After the lapse of the first week of the return term, no allegations and interrogatories having been filed, Block moved to be discharged. Pending this motion, allegations and interrogatories were allowed to be filed, and the motion was overruled. Block, the garnishee, answered that he was not indebted to the defendant, nor did he have in his hands any property, money or effects of the defendant, unless it should be adjudged otherwise on the following facts : Several weeks before the garnishment, Robbins, being up the Missouri river, sent the garnishee a parcel of gold dust, worth four hundred dollars, with orders to sell it and pay the money to Mr. Berthelet, of Arkansas, to whom he (Robbins) owed five hundred dollars ; that the garnishee sold the gold dust, and had the money ready to pay Berthelet, on demand, but he did not arrive in St. Louis and demand the money, until a few days after the garnishment.

The reply to this answer was not verified by affidavit, nor did it deny the facts stated in the answer, but alleged that, admitting them, still the plaintiff was entitled to judgment against the garnishee. The court gave judgment for the plaintiff.

*E. & B. Bates*, for appellant.

*Todd & Krum*, for respondent, as to the point that the money was still the property of Robbins, and subject to the attachment, cited 1 Denio, 49. 9 East, 49. 2 Bing. 7. 18 J. R. 363. 7 Mo. Rep. 62.

RYLAND, Judge, delivered the opinion of the court.

From the above statement of facts, though several minor questions have been raised, yet there are but one or two which must settle this controversy between the parties.

1. There is no necessity to have the name of every person summoned as garnishee inserted in the writ. "All persons shall be summoned as garnishees who are named as such in the writ, and such others as the officer shall find in the possession of goods, money or effects of the defendant, not actually seized by the officer, and debtors of the defendant, and also, such as the plaintiff or his attorney shall direct." R. C. 1845, tit. Attachment, article 1, sec. 13. The objection, therefore, that the garnishee's name, Block, was not in the writ, is untenable. The sheriff had the power and authority to summon him as debtor, or a person in whose possession property or money or effects belonging to the defendant in the suit was supposed to be.

2. The law requires, that the allegations and interrogatories shall be filed at the return term of the writ, and within the first three days thereof, if the term shall so long continue ; if not, then before the end of the term, and not afterwards, unless for good cause shown, the court shall otherwise order. In this case the allegations were not filed within the first three days of the term, but were filed before the end of the term, and this court will not undertake to say, that such was error—that there was no good cause shown. This objection is likewise overruled.

3. The garnishee, Block, filed his answer, as set forth in the statement; to this the plaintiff also replied as stated. The garnishee moved the court to be discharged, alleging that his answer was not denied, and that, in consequence thereof, he was entitled to a discharge therefrom. The court overruled this motion and gave judgment against the garnishee for two hundred and forty-two dollars and eighteen cents, being the amount of the judgment against the defendant, Robbins, in favor of the plaintiffs. It has been decided by the court, at this term, that the denial of the answer of the garnishee need not be sworn to. *Stewart et al.* v. *Anderson*, antè, 82.

4. The main questions in this case are these : taking the answer of Block as true and so admitted without denial, were the funds in his hands liable to plaintiff's attachment? and were the plaintiffs entitled to judgment against him as garnishee? In the opinion of this court, these questions must both be answered in the affirmative.

As to the first question, it no where appears that Berthelet had been advised, at the time Block was garnished, of the way Robbins was providing through Block for paying him; he therefore had not assented to it; it was not then a payment to him, nor was it at his risk. The gold dust was still at the risk of Robbins ; so that, had it been lost on the way to Block, or been lost in Block's hands, by theft or by Block's failure, the loss would have been Robbins' and not Berthelet's. It had not become the property of Berthelet ; was subject to the counter-mand of Robbins ; so that he could have countermanded the payment thereof to Berthelet and ordered it to be paid to these plaintiffs, or have made any other disposition thereof. Hence, the funds were liable to plaintiff's attachment. See case of *Sproule & Agnew* v. *McAnulty*, 7 Mo. Rep. 62. The case of *Sproule & Agnew* v. *McAnulty* settles the principles of the case now before the court, and to the opinion in that case reference is made.

These funds being, according to the decision of *Sproule & Agnew* v. *McAnulty*, attachable in the hands of Block, the

garnishee, and the amount attached being more than the debts due by Robbins to the plaintiffs in this case, and also in the one in which Block had been previously garnished, it was proper to give judgment against him as garnishee.

The judgment of the court below will therefore be affirmed, the other judges concurring.