THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiffs in Error,
  v. MADISON Y. JOHNSON et al., Defendants in Error.

ERROR TO JO DAVIESS.

The State is entitled to process of garnishment upon a judgment obtained; and
  is entitled to the same remedies as any other judgment creditor.
The answer of a garnishee, until it is contradicted or disproved, must be con-
  sidered as true. It must clearly appear that he is chargeable, or he will be
  discharged.
A parol gift of a chattel is incomplete without a delivery, or something equiva-
  lent to it. The title does not pass while the donor has control of the chattel.

SEE opinion for the facts of the case. At March term, 1852,
of the Jo Daviess Circuit Court, SHELDON, Judge, presiding, the
garnishee process issued upon the judgment, obtained in favor
of the State, was dismissed. Johnson, who was the garnishee,
was released therefrom. The people brought this case to the
Supreme Court.

HIGGINS & STROTHER, for the people.

R. S. BLACKWELL, for defendants in error.

TREAT, C. J. The statute authorizes process of garnishment
to issue whenever an execution is returned no property found,
and an affidavit is made that the defendant has no property in
possession liable to execution, and there is just reason to believe
that another person is indebted to him, or has in his hands
effects belonging to him. R. S. ch. 57, § 38. This provision is
general, and applies to all judgments. It clearly embraces a
judgment in favor of the State. The State has the same rights,
and is entitled to the same remedies, as any other judgment
creditor. In the present case, the State recovered a judgment
against Snyder; and an execution issued thereon was returned
*nulla bona.* The officer then made oath, that Snyder had no
property in possession subject to execution; and that there was
good reason to believe that Johnson had effects of Snyder's in
his hands. In this state of case, Johnson was properly sum-
moned as a garnishee. The only question is, Was the State
entitled to judgment on his answer? The answer of a garnishee,
until it is contradicted or disproved, must be considered as true.
If judgment is demanded upon the answer, it must clearly ap-
pear therefrom that the garnishee is chargeable, or he will be

discharged. Pierce v. Carleton, 12 Illinois, 358. The answer of the garnishee stated in substance, that Snyder gave him a power of attorney to receive money from Bradley, and at the same time verbally directed him to retain $300, in satisfaction of a debt, and pay the residue to the half-brother of Snyder in St. Louis, which he promised Snyder he would do; that he did not know the name of the half-brother, nor any thing respecting him, and never had any correspondence with him; that he received from Bradley $407.25, and the balance of $107.25 was in his hands when he was summoned as garnishee. We think the garnishee was chargeable to the extent of this balance. There was nothing in the case to show that Snyder was indebted to his brother; and such would not be a fair presumption from the statements of the answer. If Snyder intended to deposit the money with his brother, it was clear that it was subject to attachment. If he designed it as a gift to the brother, it could not take effect as such, until there was a delivery to him. A parol gift of a chattel is incomplete without a delivery, or something equivalent to a delivery. Without such delivery no title passes. It may be countermanded at any time before there is a delivery to the donee. The donor must part with the possession and dominion of the property. 2 Kent, 438; Lyte v. Perry, Dyer, 49 a; Pearson v. Pearson, 7 Johns. 26; Cotteen v. Missing, 1 Maddock's C. R. 103. The direction to Johnson was clearly revocable before the money was actually paid over to the brother, or at least before there was an acceptance by him. There was no pretence of any such delivery or acceptance. The State was entitled to a judgment against the garnishee.

The judgment of the circuit court must be reversed, and the cause will be remanded for further proceedings.

*Judgment reversed.*