## Terry vs. The Wisconsin Marine & Fire Insurance Company Bank, Garnishee &c.

The Commissioners of the Public Debt of Milwaukee were authorized (chap 80, Laws of 1861), with the approval of the mayor and common council of said city, to sell, assign, exchange or otherwise dispose of any stocks, bonds, mortgages or other securities or property whatever, which said city should receive for or on account of any bonds issued in aid of any railroad company, or in lieu of or exchange for any stocks, securities or property so received, for the purpose of extinguishing the liability of the city on such bonds, or of increasing the sinking fund to retire the same ; and the common council of said city were empowered to declare, by ordinance or resolution, that any such stocks, bonds, mortgages or other securities or property should be held in trust by the city treasurer or by any other person to whom the city might entrust the same, solely as securities for the payment of the bonds issued by the city, on account of which they had been or might be received by the city, and prescribe the terms and periods of time on and for which they should be so held or made available ; and while such stocks, bonds, mortgages or other securities or property should be so held, they were not in any case or in any manner to be subjected to the payment of any other city debt than that to the payment of which they were so devoted in trust. The city having issued bonds in aid of a railroad, and, as security against liability therefor, taken from the railroad company its bond and a second mortgage on the road, and, upon a sale of the road under the first mortgage, having received $90,000 as the amount bid over and above the first mortgage debt, which sum was paid to the commissioners of the public debt and by them deposited in a bank to the credit of themselves and the mayor, comptroller and treasurer of said city ; and the common council having declared by resolution that the city would apply said moneys for the purpose of satisfying and retiring the bonds of the city issued in aid of said railroad, and that, for the purpose of investing said money so as to bear interest, the commissioners of the public

debt were authorized to purchase with said money an equivalent amount of U. S. 5-20 bonds, and surrender the same to the city treasurer, who should hold them in trust for the payment of the bonds issued by the city in aid of such railroad; and said moneys, before being exchanged for 5-20 bonds and deposited with the city treasurer, having been garnisheed in the hands of the bank by a general judgment creditor of the city: *Held*, that they had been duly set apart to a special purpose, as provided by law, and were not subject to be used in paying the plaintiff's judgment.

APPEAL from the Circuit Court for *Milwaukee* County.

The grounds upon which the plaintiff claimed a judgment against the defendant as garnishee for the city of Milwaukee, are stated by the court. The circuit court denied the motion for such a judgment, and the plaintiff appealed.

Sec. 1, ch. 80, Laws of 1861, declares that " the commissioners of the public debt [of Milwaukee], with the approval of the mayor and common council of said city, may sell, assign, exchange or otherwise dispose of any and all stocks, bonds, mortgages or other securities or property whatever, which said city now hath or may hereafter receive, for or on account of city bonds issued in aid of any railroad company, or in lieu of or in exchange for any stocks, securities or property so received, for the purpose of extinguishing the liability of the city on such city bonds, or of increasing the sinking fund to retire the same," &c. Sec. 2 provides that " the common council of said city may, by ordinance or resolution, declare that any such stocks, bonds, mortgages or other securities or property mentioned in the section last above, shall be held in trust by the city treasurer, or by any other person to whom the city may entrust the same, solely as securities for the payment * * of the bonds issued by the city, on account of which they have been or may be so received by the city, and prescribe the terms and periods of time on and for which they shall be so held or be made available; and while such stocks, bonds, mortgages or other securities or property are so held, they shall not in any case or in any manner be subjected to the payment of any other city debt than that to the payment of which it is

[they are] so devoted in trust; nor even of that debt except upon the terms and conditions of such ordinance or resolution," &c.

On the 29th of July, 1863, the common council of Milwaukee passed the following preamble and resolutions: "Whereas, the Milwaukee & Horicon Railroad has been sold under a decree * * of the circuit court of the United States, at the suit of the trustee of the first mortgage: and whereas, after deducting the amount found due on the first mortgage bonds, and the costs &c., the remainder was paid over to the commissioners of the public debt, amounting to the sum of $90,425.-15, which sum is applicable to the second mortgage lien held by the city of Milwaukee * * given to the city to secure the payment, by the company, of an issue of $166,000 of city bonds in aid of the building of said road, and shall be used for the purpose of satisfying so many of said issue of city bonds as remain still outstanding * * * *; and whereas, in pursuance of a stipulation made for the benefit of the city prior to the sale of the road by the parties who afterwards became the purchasers * *, the city may, at her option, retain said sum of $90,423.15, or may relinquish it to said purchasers, and receive in lieu thereof $133,314.15 in preferred stock of the Milwaukee & St. Paul R. R. Co., * * * * *Resolved*, By the board of councillors, the board of aldermen concurring, that the city hereby elects to retain the moneys so received * * and apply the same for the purpose of satisfying and retiring the bonds of the city issued in aid of said Milwaukee & Horicon Railroad * * still outstanding, the amount being $96,-500.00 of the principal of said bonds.—*Resolved*, That for the purpose of investing said money so as to bear interest, the commissioners of the public debt be, and they are hereby authorized to purchase from the moneys in their hands from said sale, an equivalent amount of United States 5-20 bonds, * * and surrender the same, when they have consummated such investment, to the city treasurer, who shall hold such securi-

ties in trust for the payment *pro rata* of the bonds issued by the city in aid of said Horicon Railroad."

The garnishee process was served on the defendant on the day following the passage of these resolutions.

*Joshua Stark*, for appellant.

*Jas. G. Jenkins*, for respondent.

*By the Court*, PAINE, J. The city of Milwaukee issued its bonds to the amount of $166,000 in aid of the Milwaukee & Horicon Railroad. It received a second mortgage on the road and the bond of the company as security. The road was afterwards sold on the first mortgage in pursuance of an arrangement among those interested, and a surplus of over $90,000 came into the hands of the commissioners of the public debt of the city of Mitwaukee, as applicable to the security of the city as second mortgagee. In was deposited by them with the bank which is defendant in this proceeding. And the plaintiff, a judgment creditor of the city, seeks to reach the fund and apply it to the payment of his debt.

We shall not stop to inquire whether the fund could be thus reached if there were no special provisions of law in regard to it; for in this case there are such provisions which show beyond doubt that it cannot. Chapter 80, Gen. Laws of 1861, authorized the city to devote all securities or property which it had received or might receive on account of bonds issued in aid of railroad companies, as a special trust fund for the payment of its outstanding bonds on account of which they were received. And it expressly provided that while so held, they should not, "in any case or in any manner be subjected to the payment of any other city debt than that to the payment of which it is [they were] so devoted in trust."

The common council, by resolutions, as required by the act, set apart this fund for the payment of the bonds issued in aid of the road, by the sale of which the fund was produced. It cannot be applied to the plaintiff's debt.

The judgment is affirmed, with costs.

NOTE.—On a motion for a rehearing, Mr. STARK, for the appellant, argued as fol·lows: The first section of the act of 1861 is inapplicable to this case. Prior to the service of the garnishee summons, none of the securities of the city, received from the Horicon Railroad Co., had been sold, assigned, exchanged or otherwise disposed of, within the meaning of that section. The second mortgage of the city, by the foreclosure of the first mortgage, was extinguished, and the money received by the city was received as a payment upon or in virtue of such second mortgage and the bonds accompanying the same. The mortgage was collected, not disposed of, and the money was received, not in exchange for, but upon extinguishment and satisfaction of the mortgage lien, and as a payment upon the bond. Exchange or other disposition of the mortgage implies its continued force as a security. The second section seems to have been framed to enable the city, in a certain prescribed manner, to exempt property received and held for the same purpose as this money, from liability to be "subjected to the payment of any other city debt than that to the payment of which it" may have been "devoted in trust" in accordance with said section. The trust to be declared by the city is not for the bondholder but for the city, and is merely a means to secure such exemption. The act itself does not purport to exempt the money, but assumes its liability to "be subjected to the payment of any other debt," and leaves the city, in a prescribed manner, to restrict the liability. Exemptions are not to be assumed or implied, but must rest upon clear provisions of law. Where the exemption is not effected by the terms of the law, but is to result from certain prescribed acts of public officers, a strict and full performance of all those acts is necessary to make the exemption operative. Now the law says the common council may, by resolution, *declare* that any of the securities or property mentioned in the first section "shall be held in trust by the city treasurer" &c., and "prescribe the terms and periods of time on and for which they shall be so held or made available, *and while such stocks &c. are so held*, they shall not * * be subjected to the payment of any other city debt" &c. The act thus requires the creation or declaration of a trust, the designation of a trustee, the naming of the subject of trust, and the definition of its terms and duration. All this must be done, and the property which is the subject of the trust must be in the possession and under the control of the trustee, before the object of the section is attained. But by the resolutions of the council, the trust, if any was attempted to be created under this act, was in the city treasurer as the sole trustee; its subject was not money but 5-20 U. S. bonds; *it* was not to commence and could have no existence until the 5-20s were surrendered to the city treasurer, the trustee. But the money was never invested in 5-20 bonds; and neither money nor bonds were ever surrendered to or held by the city treasurer, the trustee. When the garnishee process was served, the money remained on deposit in the bank to the same credit to which it had been originally deposited by the commissioners of the public debt. Again, the supposed trust was, by the terms of the resolution, to be unlimited in duration, no time being prescribed "for which they shall be so held;" and such unlimited trust was not authorized by the law. The city having therefore failed to create a trust as provided by the act, and the designated trustee never having received or held the bonds which were to be the sole subject of the trust, nor even the money with which they were to be purchased, it follows that the exemption of the money from process was

not effected. See Drake on Attachments, sec. 525; 14 Ill., 342; *Briggs v. Block*, 18 Mo., 281; *Sproule v. McNulty*, 7 id., 62; 2 Speers, 519; *Brown v. Foster*, 4 Cush., 214.

The motion for a rehearing was denied.—REP.