### ROBERT MEADOWCROFT

*v.*

### FRANCIS AGNEW, for use, etc.

1. GARNISHMENT—*who may interplead—money on deposit by sheriff.* Where a sheriff has moneys deposited in bank as such sheriff, belonging to various execution creditors, and the bank is garnisheed for an individual debt of the sheriff, he may, as trustee for and on behalf of the persons for whose use he holds such moneys, interplead, showing the facts of the case, and thereby protect the fund for those entitled to the same. A demurrer to such interpleader recognizes it as properly filed.

2. SAME—*proof of interpleader.* Where no issue of fact is taken upon an interpleader filed in a proceeding by garnishment, but a demurrer is filed to the same, the facts alleged in the interpleader are admitted, and no proof of them is required; and the rendition of judgment against the garnishee for the sum claimed is virtually sustaining the demurrer.

3. SAME—*judgment on answer.* The answer of a garnishee, until disproved or contradicted, must be considered as true, and if judgment is sought upon the answer, it must clearly appear that the garnishee is chargeable, or he will be discharged. Where a garnishee makes a second answer to additional interrogatories filed, it will be taken and construed in connection with the first when relating to the same thing.

4. SHERIFF — *effect of depositing money collected.* A sheriff, by depositing money collected by him on execution, in his name as sheriff, does not convert the same to his own use, but such a deposit in bank is but the placing of the money of the execution creditor in a place of safe keeping for him.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

This was a garnishment proceeding, brought by the Excelsior Stone Company, against Robert Meadowcroft, a banker, to garnish any moneys, credits, etc., belonging to Francis Agnew, against whom the said company had recovered a judgment, an execution whereon had been returned "no property found."

The answer of Meadowcroft to the original interrogatories filed stated explicitly that he had no property, credits, etc., in his possession belonging to Agnew, and that he was not in any manner indebted to him. Thereupon the plaintiff filed additional interrogatories, to which Meadowcroft made a further answer that he, as a banker, had a bank account with "Francis Agnew, sheriff," upon which there was a balance to the credit of "Francis Agnew, sheriff," of $3001.55.

At this stage of the proceedings, the said Francis Agnew voluntarily came into court and filed his sworn interpleader, in which he stated that he was and for 18 months previous had been sheriff of Cook county; that as such sheriff, he had collected sums of money upon various executions and deposited the same in the bank of the defendant, Meadowcroft, to the

credit of an account entitled "Francis Agnew, sheriff;" that
the whole amount to the credit of said bank account of "Francis Agnew, sheriff," as stated in the answer of Meadowcroft,
was money made on executions, and due thereon; that it was
a special deposit made in trust, for the use of, and to be used
for the sole purpose of, paying the moneys which said Agnew
had collected on executions in his official capacity of sheriff;
that his chief deputy in such office had authority to use his
name to draw said money whenever application should be
made by the execution creditors entitled thereto. The service
of summons on the garnishee was on April 1, 1876. The interpleader was filed July 10, 1876. The plaintiff filed a demurrer to the interpleader.

No disposition appears to have been made of the demurrer,
and there was no replication to the answer of the garnishee or
to the interpleader.

On the 9th day of September, 1876, the court, upon the
answer of the garnishee, rendered judgment against him for
$539.86 and costs, from which the garnishee appeals.

Messrs. RICABY & LANDIS, for the appellant.

Mr. J. S. NORTON, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

Section 11 of the Garnishment act (Rev. Stat. 1874, p. 552,)
provides that if it appears that any goods, chattels, credits or
effects, in the hands of a garnishee, are claimed by any other
person, the court shall permit such claimant to appear and
maintain his right; and section 12, that if such claimant appears he may be admitted as a party to the suit, so far as respects his title to the property in question, and may allege
and prove any facts not stated nor denied by the garnishee,
and such allegation shall be tried and determined in the manner thereinbefore provided.

There is a provision in section 1 that the court shall examine

and proceed against the garnishee in the same manner as is required by law against garnishees in original attachments.

Section 29 of the Attachment act (Rev. Stat. 1874, p. 157,) provides, that in all cases of attachment, any person other than the defendant, claiming the property attached, may interplead, verifying his plea by affidavit, etc., and the court shall immediately direct a jury to be impaneled to inquire into the right of property.

It is objected by appellant, that no such thing as an interpleader by the judgment debtor in such a proceeding is recognized by the statute, and that it is unauthorized. It matters little by what name the paper filed may be called. It contains allegations of facts, and the statute is, that an adverse claimant may allege and prove any facts, etc. The demurrer to the interpleader, too, recognizes it as properly filed in the case.

Upon the facts set forth in the interpleader, there should have been no judgment, we think, against the garnishee. The moneys had been collected by the sheriff for execution creditors on executions in their favor, and were held for them as belonging to them, and specially deposited in bank to the sheriff's account, as sheriff, for the purpose of being paid over to such creditors when called for. We can not adopt the view of appellee, that Agnew had no authority, as sheriff, to deposit in bank money so collected, and that by that act he converted the funds to his own use. We regard such a deposit, as here alleged to have been made, but the placing of money belonging to execution creditors in a place of safe keeping for them.

It is objected, that no execution creditor appears to claim the money. We regard Agnew as appearing as trustee for the execution creditors and on their behalf—that it is so in substance, though he does not so state in words.

This money was not the proper money of the sheriff, applicable to the payment of his general debts; it would have been wrongful for the sheriff himself to have so applied it; and the law should not compel such a misappropriation.

Some criticism is indulged in with respect to the language employed in the interpleader, as not stating that, at the time of the filing of the same, the money in question was due to execution creditors. But we regard the statement as being substantially that the whole amount of the account standing to the credit of Francis Agnew, sheriff, was, at such time, money belonging to execution creditors as collected for them.

It is true there was no separate proof made of the allegations of the so called interpleader; but the statements therein were made under oath, and there was no denial of them and no issue made so as to give an opportunity to prove their truth. The same may be said in regard to the answer of the garnishee. The original and the further answer of the garnishee are to be taken together, and so taken, the answer as a whole expressly denies any indebtedness to Francis Agnew, or having in possession or charge any goods, chattels, moneys, credits or effects of Francis Agnew, though admitting that Francis Agnew, sheriff, had a bank account with the garnishee upon which there was a balance to the credit of Francis Agnew, sheriff, of $3001.55.

It can hardly be said, this answer clearly makes the garnishee liable. This court has said that the answer of a garnishee, until disproved or contradicted, must be considered as true; that if judgment is demanded upon the answer, it must clearly appear therefrom that the garnishee is chargeable, or he will be discharged. *The People* v. *Johnson,* 14 Ill. 342; *Pierce* v. *Carleton,* 12 id. 365.

All the answer the plaintiff made to the interpleader was a demurrer. This admitted the facts stated. The court did not formally sustain the demurrer. But giving judgment for the plaintiff we regard as virtually sustaining the demurrer, and adjudging that upon the facts stated in the interpleader, there should be judgment against the garnishee. We are of the contrary opinion.

The judgment is reversed and the cause remanded.

*Judgment reversed.*