# David H. Vandolah
## v.
## Addison Kanouse.

Garnishment—Res adjudicata.—A town recovered judgment against K., father of appellee, and a writ of garnishment was issued against appellant and his partner, who were bankers, and appellee, and served upon all except the partner, and interrogatories were filed by the town to which separate answers were filed, appellant denying that he had in his hands, or under his control, any moneys or properly belonging to K., but admitting that they had in their bank $400 deposited by K. to the credit of appellee, to whom alone he claimed they were liable for the same; appellee, by his answer, denying all indebtedness to his father, and claiming that he was the owner of the $400 in the bank. The trial resulted in a judgment against the banking firm, as garnishees, in favor of K.. for the use of the town, for $194.60, from which appellee appealed and the judgment was sustained. Appellee now brings suit against appellant and his partner to recover the amount of the deposit made with them. *Held*, that the adjudication in the garnishment suit is a bar to appellee's right of recovery, to the extent of the judgment rendered; that it is not material in this suit whether the partner was served with process in the original suit or not.

Appeal from the Circuit Court of McLean county; the Hon. R. M. Benjamin, Judge, presiding. Opinion filed November 21, 1884.

Messrs. McNULTA & WELDON, Mr. JOSEPH M. WEAKLY and Mr. WILLIAM E. HUGHES, for appellant; as to *res adjudicata*, cited Gray v. Gillilan, 15 Ill. 453; Wright v. Dunning, 46 Ill. 271; Rogers v. Higgins, 57 Ill. 244; Kelly v. Donlin, 70 Ill. 378; Baker v. Palmer, 83 Ill. 568; Hanna v. Read, 102 Ill. 596; Benjamin v. R. R. Co., 49 Barb. 448; B. of S. v. M. P. R. R. Co., 24 Wis. 124; Stevens v. Hughes, 7 Casey, 381.

The rule as to the binding force and effect of a former adjudication extends in all its force to suits in garnishment and other statutory proceedings: Graceland Cemetery Co. v. People, 92 Ill. 619; Perkins v. Parker, 1 Mass. 117; Glass v. Nichols, 35 Me. 328; Stevens v. Gaylord, 11 Mass. 265; Richardson v. Watson, 23 Mo. 34.

Mr. THOMAS F. TIPTON, for appellee.

HIGBEE, P. J.  This was a suit brought by appellee for the use of Thomas F. Tipton against appellant and one Isaac Harness, to recover the amount of a deposit made with them as bankers. Vandolah only was served with process, and the trial resulted in a judgment against him for the full amount of the deposit and interest thereon, from which he appeals to this court.

Under the general issue, and an agreement that all matters of defense might be given in evidence under the same, appellant introduced in evidence the records of certain garnishee proceedings for the purpose of showing a former adjudication of the same matters in issue between the same parties.

The only question is as to the sufficiency of these proceedings to constitute a bar to the plaintiff's right to recover the sum sued for or any part of it.

The evidence shows that the town of Lexington had recovered a judgment in the McLean Circuit Court against one Uzziel Kanouse, the father of appellee, for the sum of $25 and costs of suit, for the violation of one of its ordinances, upon which an execution was issued and returned wholly unsatisfied, and thereupon a writ of garnishment was issued from said court against appellant, his partner, Harness, and appellee, Addison Kanouse, and served upon all except Harness.

Interrogatories were filed by the town of Lexington, to which separate answers were filed by Vandolah and Addison Kanouse. The former, by his answer, denied that he had in his hands or under his control any moneys or property belonging to Uzziel, but admitted that he was a member of the banking firm of Vandolah & Harness and that they had in their bank the sum of $400 deposited by Uzziel to the credit of his son Addison, to whom alone he claimed they were liable for the same. Appellee, by his answer, denied all indebtedness to his father and claimed that he was the owner of the $400 in the bank and entitled to the same. Replications were filed to these answers and a trial had, resulting in a judgment against Vandolah & Harness, garnishees, in favor of Uzziel Kanouse for the use of the town of Lexington for $194.60, from which appellee prosecuted an appeal to the appellate court, where the judgment was affirmed.

A garnishee is a statutory proceeding and the effect of the judgment upon the rights of the parties must depend upon the effect to be given to the statute in force at the time. By chapter 62, entitled "Garnishment" Rev. Stat. 1880, p. 598, it was provided, § 11, "If it appears that any goods, chattels, choses in action, credits or effects in the hands of a garnishee are claimed by any other person, by force of an assignment from the defendant, or otherwise, the court or justice of the peace shall permit such claimant to appear and maintain his right. If he does not voluntarily appear, notice for that purpose shall be issued and served on him in such a manner as the court or justice shall direct."

§ 12. "If such claimant appears, he may be admitted as a party to the suit, so far as respects his title to the property in question, and may allege and prove any facts not stated nor denied by the garnishee, and such allegations shall be tried and determined in the manner hereinbefore provided. If such person shall fail to appear after having been served with notice in the manner directed he shall nevertheless be concluded by the judgment in regard to his claim."

That appellee had the right to interplead and try his right to the money in the hands of the bankers under these provis-

Vandolah v. Kanouse.

ions of the statute is settled by the case of Meadowcroft v. Agnew, 89 Ill. 469.

The answer itself, though not a formal interpleader, contains all the allegations necessary to enable appellee to litigate his right to the $400 in dispute. It matters not by what name it is called, it complies with the requirements of the statute, which provides that an adverse party may allege and prove any facts, etc.

Section 28 of the act above referred to gives the right of appeal from any judgment or final order to "any party to such proceeding." Appellee availed himself of this right and appealed to the appellate court, where the judgment was affirmed. Both appellant and appellee were parties to the garnishee suit; the real question litigated was whether the money in the bank was subject to the garnishee process in favor of the town, or the property of appellee, who appeared as an interpleading claimant, and that issue was found against appellee, whether rightfully or wrongfully, can not be inquired into in this suit. He has had his day in court where the right to recover the money he now sues for was determined against him, and the adjudication in that case is a bar to his right of recovery here, to the extent of the judgment rendered.

It is not material in this suit whether Harness was served with process in the original suit or not. The judgment was valid against Vandolah and that is sufficient, but the record shows an appearance by Harness. It recites the appearance of the parties and then follows the judgment against Harness and Vandolah. Both prayed an appeal to the appellate court, which was allowed, but they failed to give the bond required and subsequently removed the case to said appellate court, by a writ of error, and both assigned errors upon the record in said court, where the judgment of the court below was affirmed.

The extent of the recovery in favor of the judgment creditor in the garnishee suit was necessarily limited to the amount of the judgment in favor of the town against Uzziel and the costs of the proceeding, which was less than the

amount due from the bank. Of course this proceeding is only a defense in favor of the bank to the extent of the judgment rendered against it. The fact that the arrangement between the bank and the father and son may have been held void as against creditors does not affect its validity as between the parties themselves; and under it appellant was entitled to recover the amount due in excess of the judgment. But we think the court erred in rendering a judgment for the full amount. We are also of the opinion that the court erred in allowing interest on the sum due.

Reversed and remanded.